STATE, ex· rel. GEORGE COUPER GIBBS, Attorney General, and FRANK J. KELLY, v. ROBERT R. WILLIAMS, as Mayor-Commissioner, and ROBERT R. WILLIAMS, as Commissioner, JOHN W. DuBOSE, RALPH FERGUSON, R. C. GARDNER, and ANNA M. PERRY as and constituting the commissioners of the City of Miami, Florida.

186 So. 816.
Opinion Filed December 14, 1938.
Rehearing Denied January 9, 1939.

*George Couper Gibbs*, Attorney General, *Lawrence A. Truett*, Assistant Attorney General, *D. H. Redfearn, Richard H. Hunt, M. Lewis Hall* and *Herbert S. Sawyer*, for Relator;

*J. W. Watson, Jr., E. F. P. Brigham, Marion E. Sibley* and *Vincent C. Giblin*, for Respondents.

BUFORD, J.—Alternative writ of mandamus issued in the exercise of our original jurisdiction commands that "the Respondents, Robert R. Williams, as Mayor-Commissioner, and Robert R. Williams as Commissioner, John W. Du-Bose, Ralph Ferguson, R. C. Gardner and Anna M. Perry, as and constituting the Commissioners of the City of Miami, Florida, do forthwith convene and rescind the resolution heretofore on the 27th day of October, 1938, adopted by said Commission, attempting to remove or suspend said Frank J. Kelly from the office of City Clerk, and pass, adopt, authorize, approve, sign, cause to be signed, issue, certify, execute and deliver all resolutions necessary, and

do all the things required to be done, to reinstate, and you are hereby commanded to immediately reinstate Relator, Frank J. Kelly, to the office of City Clerk of the City of Miami, Florida, or in the alternative, you shall be and appear before this Court on the 2nd day of November, 1938, at 10 o'clock A. M. then and there to show cause why a peremptory writ of mandamus should not issue commanding the same to be done."

The alternative writ contained substantially the same allegations which were set forth in the suggestion of contempt in the case of George Couper Gibbs as Attorney General v. A. D. F. Bloodworth, opinion filed this day.

Return was filed showing that the City Commission suspended Kelly as City Clerk by resolution based on charges preferred by citizens and tax payers.

Motion was interposed praying peremptory writ notwithstanding the return.

The answer and return might be held sufficient had it not been that the record shows that the resolution of suspension was adopted within a few days after the entry of our opinion and judgment in the case of Gibbs as Attorney General v. Bloodworth, pertinent parts of which are quoted in the opinion disposing of the rule for contempt filed this day, *supra*.

The record shows that the suspension of Kelly, *supra*, was under existing conditions contrary to the legal principles enunciated in the opinion and judgment awarding ouster, *supra*, in which opinion it was held to be contrary to public policy for the City Commission to remove Kelly as City Clerk while he was engaged in the duties incident to the proposed recall election which involved the majority of the City Commission and to thereby hinder or frustrate the proposed recall election.

Under the existing conditions legal principles stated in

the opinions hereinbefore cited will preclude the City Commission from exercising its power to suspend or remove the City Clerk so long as such action, regardless of its motive or grounds, will result in hindering or delaying the orderly proceedings by which the recall election is required to be accomplished.

If in the discharge of the duties devolving upon him as City Clerk Kelly should attempt to perpetrate unlawful acts, the Courts may be resorted to, that he may be required to proceed only as the law provides.

So the peremptory writ of mandamus is awarded to follow the commands of the alternative writ.

So ordered.

TERRELL, C. J., and WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., concurs in the conclusion.